IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00069-MR

TONY LAMAR PINKARD, SR.,[1]    )
                                )
          Plaintiff,            )
                                )
vs.                             )
                                )
FNU WILLIAMS, et al.,           )        **ORDER**
                                )
          Defendants.           )
_____ )

**THIS MATTER** is before the Court on sua sponte review of the Complaint. [Doc. 1]. Also pending is a "Motion for Copies of Complaint." [Doc. 3]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

The pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution; he is projected to be released on August 22, 2022. [Doc. 1]. The Plaintiff names as Defendants: FNU Williams, a unit manager; FNU Roseboro, a case manager; FNU Watts, kitchen staff; FNU Turbeville, the

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff's name is Tony Pinkard. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1425730&searchLastName=pinkard&searchFirstName=tony&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed April 7, 2022); Fed. R. Evid. 201.

chaplain; FNU Carson, the associate warden; FNU Dunn, a unit manager; and FNU Taylor, an assistant unit manager.

The Plaintiff complains about the availability and quality of the Kosher diet at Foothills CF and the lack of Jewish reading material, religious items, and religious service; he further complains that he has not been transferred to another institution that is better equipped to meet his religious needs; and that he is being discriminated against. As injury, he claims that he broke out in a rash, had swollen lymph nodes, experienced stomach upset, and "got a bad infection in [his] grouin" because of the quality of the food he received. [Doc. 1 at 11-12]. He seeks damages and injunctive relief including the transfer to another prison. [Id. at 16].

In the section of the Complaint form that addresses his litigation history, he answered "no" to the question "Have you brought any other lawsuits in state or federal court while a prisoner?" [Id. at 14].

Court records from the Eastern District of North Carolina, of which the Court takes judicial notice, indicate that the Plaintiff initiated a § 1983 action in that court on March 21, 2022, Pinkard v. NCDPS, Case No. 5:22-ct-3100-FL. Fed. R. Evid. 201. In that case, he mentions Defendants Dunn and Turbeville, and complains about the conditions of his confinement at the Foothills CI including the Kosher diet, discrimination because he is Jewish,

and the availability of religious items. The Eastern District issued an Order on March 22, 2022 requiring the Plaintiff to correct the deficiencies in his Complaint and pay the filing fee, or move to proceed in forma pauperis. [Civil Case No. 5:22-ct-3100 (E.D.N.C.), Doc. 3].

The Plaintiff also appears to have filed at least eight other actions in federal district court, all of which were unsuccessful. See Case Nos. 1:14-cv-202-CCE-LPA (M.D.N.C.); 1:14-cv-203-CCE-LPA (M.D.N.C.); 1:14-cv-213-CCE-LPA (M.D.N.C.); 1:14-cv-274-CCE-LPA (M.D.N.C.); 1:14-cv-282-CCE-LPA (M.D.N.C.); 1:14-cv-315-CCE-LPA (M.D.N.C.); 1:14-cv-316-CCE-LPA (M.D.N.C.); 1:15-cv-421-CCE-LPA (M.D.N.C.); Fed. R. Evid. 201.

The Complaint in the instant case is largely duplicative of an earlier-filed action in the Eastern District of North Carolina Court, Civil Case No. 5:22-ct-3100. Both actions address incidents that allegedly occurred at the Foothills CI relating to the conditions of his confinement, discrimination, and his religious requirements. The Plaintiff also failed to inform this Court of the earlier-filed action, and falsely answered a question on the Complaint form about his litigation history. [Doc. 1 at 14].

It appears on the face of the Complaint that this action is duplicative and wasteful of the Court's resources, and is thus subject to dismissal as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. §

3

1915A(b)(1). See Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993) (affirming the dismissal of a § 1983 action as malicious where the claims were the same as those pending before another district court); see generally Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996) (a plaintiff's past litigious conduct should inform a district court's discretion under § 1915); Laake v. Lulu Enterps., Inc., 2019 WL 2251835, at *2 (E.D.N.C. March 1, 2019), *report adopted*, 2019 WL 1861318 (April 25, 2019) (noting that malicious suits "are those that constitute an abuse of the judicial process," which can take the form of: "repeated filing of the same legally insufficient claims …; knowingly submitting a pleading that contains demonstrably false factual statements…; filing claims that are duplicative of pending litigation …; or submitting a pleading that contains threats or demeans the court"). The Court will afford the Plaintiff the opportunity to file a memorandum within 30 days of this Order explaining why his § 1983 Complaint should not be dismissed as malicious. Failure to comply with this Order will result in the dismissal of this action without further notice.

The Plaintiff's "Motion for Copies of Complaint" [Doc. 3] is denied as moot, as the Clerk of Court mailed him a copy of the Complaint and docket sheet on April 4, 2022.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff shall have **thirty (30) days** from entry of this Order to file a memorandum explaining why his § 1983 Complaint should not be dismissed as malicious. If Plaintiff fails to timely comply, the Complaint will be dismissed without further notice.

2. The Plaintiff's "Motion for Copies of Complaint" [Doc. 3] is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge