IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00069-MR

| | |
|---|---|
| TONY LAMAR PINKARD, SR.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU WILLIAMS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Motion to Transfer" [Doc. 7], "Motion to Subpoena" [Doc. 8], "Motion to Show Cause Hearing and to Subpoena Witnesses" [Doc. 12], "Motion to Correct Spelling on Previous Filed Complaint" [Doc. 13], "Motion to Explain Why Complaint Should Not Be Dismiss[ed]" [Doc. 15], "Motion for Appointed Pro Bono Attorney" [Doc. 16], and "Motion to Submit Religious Information on First Amendment & RLUIPA…" [Doc. 17]. The Plaintiff is proceeding in forma pauperis. [Doc. 11].

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff's name is Tony Pinkard. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1425730&searchOffenderId=1425730&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed on June 28, 2022); see Fed. R. Evid. 201.

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution where he is presently incarcerated.[2] [Doc. 1]. He names as Defendants: FNU Williams and FNU Dunn, unit managers; FNU Taylor, an assistant unit manager; FNU Roseboro, a case manager; FNU Watts, a member of "kitchen staff"; FNU Turbeville, a chaplain; FNU Carson, an associate warden. [Doc. 1 at 1-6]. The Plaintiff complains about the availability and quality of the Kosher diet at Foothills CI and the lack of Jewish reading material, religious items, and religious service. He further complains that he has not been transferred to another institution that is better equipped to meet his religious needs, and that he is being discriminated against. As injury, he claims that he broke out in a rash, had swollen lymph nodes, experienced stomach upset, and "got a bad infection in [his] grouin [sic]" because of the quality of the food he received. [Id. at 11-12]. He seeks damages and injunctive relief including the transfer to another prison. [Id. at 16].

On April 11, 2022, the Court ordered the Plaintiff to show cause why this action should not be dismissed as malicious pursuant to 28 U.S.C. §§

---

[2] According to NCDPS's website, the Plaintiff is projected to be released on August 22, 2022.

1915 and 1915A because he had failed to inform the Court of a similar, largely duplicative, action that was already pending in the Eastern District of North Carolina, Pinkard v. NCDPS, Case. No. 5:22-ct-3100-FL,[3] and for falsely reporting that he had never brought any prior lawsuits in state or federal court while he was a prisoner. [Doc. 6].

The Plaintiff filed a "Motion to Explain Why Complaint Should Not be Dismiss[ed]"[4] [Doc. 15], which is construed as a Response to the Court's April 11 Order. He apologizes for the "confusion" that resulted from "the many filed complaints in different courts." [Id. at 1-2]. He states that he did not realize he was filing in three different district courts, and that his filings resulted from a "misunderstanding." [Id. at 1-2]. He asks that the action be allowed to proceed in this Court. [Id. at 2].

Although the Plaintiff's Response does not fully explain his failure to disclose his litigation history, the Court will accept his claim of confusion and declines to dismiss the action as malicious at this time. See generally 28 U.S.C. § 1915(e)(2)(B)(i) (the court shall dismiss the case at any time if it determines that the action is frivolous or malicious). The Plaintiff is cautioned

---

[3] The Eastern District subsequently dismissed Pinkard v. NCDPS for lack of prosecution on April 19, 2022. [See Case No. 5:22-ct-3100-FL, Docs. 4-5].

[4] The Plaintiff refers to a "packet" that he received from another court, but no such document was attached to the Motion. [See Doc. 15 at 2].

that any future misrepresentations to the Court may result in the imposition of sanctions including the dismissal of this action and/or a prefiling injunction.

Several Motions are presently pending that will be addressed in turn. In several Motions, it appears that the Plaintiff is attempting to amend the Complaint by adding claims and allegations [Doc. 17 (citing the Religious Land Use and Institutionalized Persons Act (RLUIPA)); Doc. 15]; correcting the Defendants' names [Doc. 13]; and addressing exhaustion [Doc. 12].

A plaintiff may amend a complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

To the extent that the Plaintiff intended for his Motions to serve as amendments to the Complaint, they are denied as moot, because no Motion is required for the Plaintiff to amend the Complaint at this juncture. Moreover, piecemeal amendment will not be allowed. This denial is without prejudice for Plaintiff to amend his Complaint within thirty (30) days of this Order. The Plaintiff must submit his Amended Complaint on a § 1983 prisoner complaint form, clearly identify the Defendants against whom he

4

intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. If the Plaintiff fails to timely amend his Complaint in accordance with this Order, the Court will proceed on the original Complaint. [Doc. 1].

In several of the Motions, the Plaintiff requests subpoenas for witnesses and discovery. [Docs. 8, 12, 14]. The Plaintiff's requests for subpoenas and discovery will be denied because the case has not yet passed initial review.[5] See generally Fed. R. Civ. P. 26; LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Should the case pass initial review, discovery will commence upon the Court's entry of a pretrial

---

[5] The Motions do not seek leave to engage in early discovery or contain any justification for such a request.

scheduling order and the Plaintiff may request subpoenas as allowed by the Federal Rules of Civil Procedure.

The Plaintiff requests the appointment of counsel because there is no law library at his present prison, he would have to pay $50 to consult with an attorney from the Lawyer Referral Service, the North Carolina Prisoner Legal Services (NCPLS) has been unable to offer him representation at this time, he does not have family or friends to assist him, and his witnesses have been transferred to other prisons. [Doc. 16].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff's Motion seeking the appointment of counsel is denied because the Plaintiff has failed to demonstrate the existence of exceptional circumstances. Further, the Motion is moot insofar as many of the difficulties that the Plaintiff has identified are related to his incarceration and are likely to end upon his release from custody, which is projected to occur on August 22, 2022.

The Plaintiff has filed a "Motion to Transfer" [Doc. 7] which is construed as a Motion for Preliminary Injunctive Relief. He claims that the

"Defendant(s) are making it hard for [him] to get paper, pens, envelopes, anything to do with [his] legal mail or legal work;" he is being threatened with being taken to restrictive housing for no reason; and the Defendants "are in a position to do whatever they want." [Id. at 1]. He asks to be transferred to another prison where he can receive a Kosher diet.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. Here, the Plaintiff has not established any of the elements that

would warrant preliminary injunctive relief. The Court will, therefore, deny the Plaintiff's request that he be transferred to another prison.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion to Explain Why Complaint Should Not be Dismiss[ed]" [Doc. 15] is construed as a Response to the Court's April 11 Order.

2. The Plaintiff's "Motion to Transfer" [Doc. 7], "Motion to Subpoena" [Doc. 8], "Motion to Show Cause Hearing and to Subpoena Witnesses" [Doc. 12], "Motion to Correct Spelling on Previous Filed Complaint" [Doc. 13], "Motion for Appointed Pro Bono Attorney" [Doc. 16], and "Motion to Submit Religious Information on First Amendment & RLUIPA…" [Doc. 17] are **DENIED**.

3. The Plaintiff shall have thirty (30) days in which to file a superseding Amended Complaint, should he choose to do so, subject to all timeliness and procedural requirements. If the Plaintiff fails to so amend his Complaint, the matter will proceed on the original Complaint [Doc. 1].

The Clerk of Court is respectfully instructed mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: July 5, 2022

Martin Reidinger
Chief United States District Judge