# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00069-MR

| | |
|---|---|
| TONY PINKARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU WILLIAMS, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Subpoena Grievance Responses" [Doc. 14] and a periodic review of the docket.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution. [Doc. 1]. The Plaintiff was notified upon commencing this action that it is his "responsibility to keep the Court advised of his … current address at all times" and that the failure to do so may result in this action's dismissal for lack of prosecution. [Doc. 4 at 2]. The Plaintiff

has now been released from custody, and he has not notified the Court of his new address.[1]

On September 7, 2022, the Court ordered the Plaintiff to update his address of record and inform the Court whether he intends to proceed with this action, within 10 days. [Doc. 19]. The Plaintiff was cautioned that "[f]ailure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice." [Id. at 2]. The Order was mailed to the Plaintiff's address of record; it was returned with a notation "Return to Sender, Refused, Unable to Forward." [Doc. 20].

The Plaintiff failed to respond to the September 7 Order, and the time to do so has expired. The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a

---

[1] According to the North Carolina Department of Public Safety's website, the Plaintiff was released from incarceration on August 22, 2022. See chrome-extension://hehijbfgiekmj fkfjpbkbammjbdenadd/nhc.htm#url=https://webapps.doc.state.nc.us/opi/viewoffender.do ?method=view&offenderID=1425730&searchOffenderId=1425730&searchDOBRange= 0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 27 2022); Fed. R. Evid. 201.

court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion to Subpoena Grievance Responses . . ." [Doc. 14] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 1, 2022

Martin Reidinger
Chief United States District Judge